IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANUEL CAMPOS-MENDOZA,

    Petitioner,　　　　　　　　　　No. CR S-02-0553 MCE PAN P

    vs.　　　　　　　　　　　　　　　(CIV S-05-1128 MCE PAN P)

UNITED STATES OF AMERICA,

    Respondent.　　　　　　　　　　FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a federal prisoner proceeding pro se, has filed this petition for writ of error audita querela attacking the criminal judgment entered herein.[1]  Petitioner contends the judgment was correct when rendered, but that a 2005 ruling by the United States Supreme Court renders it infirm.  United States v. Booker, 543 U.S. 220 (2005).  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

---

[1] Petitioner insists this motion is not a motion under 28 U.S.C. § 2255 and claims he already sought and was denied relief under § 2255.  However, a review of the docket in the instant case does not reflect petitioner filed a § 2255 in this action.  Because petitioner's letter was directed to the Clerk of the U.S. District Court for the Northern District, he may have filed a § 2255 motion there.  However, even assuming this court were to construe petitioner's filing as a § 2255 motion, which this court has not, the outcome would be the same.  See Castro v. United States, 540 U.S. 375 (2003).

1

For the reasons which follow, the petition for writ of error audita querela should be summarily dismissed.

On May 24, 2004, judgment was entered based on petitioner's guilty plea to the charge of deported alien found in the United States, 8 U.S.C. § 1326(a), entered on May 4, 2004. Petitioner waived his appeal rights. (Id.) The conviction resulted in a 77-month sentence, which petitioner did not challenge on direct appeal. Petitioner did not file a motion under 28 U.S.C. § 2255 in the instant action.

On June 3, 2005, petitioner filed the instant petition. Petitioner alleges that the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), render his continued confinement invalid because it shows that sentencing enhancements based on a factual finding made by a judge rather than a jury were improper. Petitioner seeks correction of the Presentence Investigation Report, correction of the judgment to reflect supervised release and removal of the enhancements based upon facts neither admitted by petitioner nor found true by a jury and to be re-sentenced under the advisory Guidelines. (June 3, 2005 Petition at 10.)

At common law, the writ of error audita querela was only available to a judgment debtor who sought relief against a judgment or execution when some legal defense or discharge arose after the issuance of the judgment. Doe v. INS, 120 F.3d 200, 202 (9th Cir.1997) (internal citations omitted). Thus, the writ of error audita querela could be used to attack a judgment that was correct when issued, but later rendered infirm due to some legal defect. Doe, 120 F.3d at 203 n.4 (internal citations omitted).

In 1946, amendments to Federal Rule of Civil Procedure 60(b) expressly abolished all common law writs for civil cases, including audita querela. Fed. R. Civ. P. 60(b); U.S. v. Beggerly, 524 U.S. 38, 44-45 (1998); Doe, 120 F.3d at 202. However, the Supreme Court has held that audita querela and the other common law writs survive as a way to collaterally attack criminal sentences in very narrow circumstances. U.S. v. Morgan, 346 U.S.

502, 510-11 (1954); U.S. v. Gowell, 374 F.3d 790, 795 n.3 (9th Cir.2003).[2] Audita querela and the other writs are now available, "only to the extent that they fill gaps in the current systems of post-conviction relief." U.S. v. Valdez-Pacheco, 237 F.3d 1077, 1079-80 (9th Cir. 2000).

Federal prisoners may not, however, employ the writ of audita querela to challenge their conviction or sentence when that challenge is cognizable as a § 2255 motion. Valdez-Pacheco, 237 F.3d at 1080; see also U.S. v. Johnson, 962 F.2d 579, 582 (7th Cir.1992), U.S. v. Banda, 1 F.3d 354, 356 (5th Cir.1993). In those cases, there is no gap in the post-conviction remedy that needs to be filled. Id. In addition, the Ninth Circuit has held that audita querela is not available to federal prisoners just because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prevents them filing a second or successive § 2255 motion. Valdez-Pacheco, 237 F.3d at 1080. "A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs." Id. (internal citations omitted). Because his claims were cognizable on § 2255 review, the petition should be denied. Id.

The instant action differs from Valdez-Pacheco in that petitioner here failed to file a direct appeal[3] or a § 2255 motion. Indeed, petitioner affirmatively states he did not intend for the court to construe this petition as a § 2255 motion.

---

[2] Some courts have challenged whether audita querela survives at all. See Doe, 120 F.3d at 204 & n.5 (collecting cases).

[3] Petitioner's failure to file a direct appeal would likely have barred his § 2255 motion as well. Petitioner waived his appeal rights in his plea agreement. The plea agreement waiver cannot justify bypassing direct review of his claims. United States v. Pipitone, 67 F.3d 34, 39 (2d Cir.1995) (holding with respect to agreement not to appeal a sentence within the guideline range). In Pipitone, 67 F.3d 34, the court refused to allow a collateral attack on a sentence even when the plea agreement did not explicitly waive § 2255 relief. The Pipitone court was "loathe to countenance so obvious a circumvention of a plea agreement" by allowing a plaintiff to seek collateral relief after waiving the right to appeal directly. Id. at 39. When a petitioner has pled guilty and waived the right to appeal, courts do not allow either a challenge to the guilty plea or an attack on the sentence. Generally, courts make an exception to this rule only when the waiver was not knowing or voluntary. Petitioner makes no such claims here.

1    But even if this court were to construe the petition as a § 2255 motion, the petition
2 should still be denied.  In <u>United States v. Cruz</u>, 423 F.3d 1119 (9th Cir. 2005), the Court of
3 Appeals for the Ninth Circuit found that <u>Booker</u> is a new procedural rule, not a new substantive
4 rule.  Thus, <u>Booker</u> does not apply retroactively to convictions that became final prior to its
5 publication.  <u>Id.</u>  A conviction becomes final once the time for direct review has passed. <u>United
6 States v. Guzman-Colores</u>, 959 F .2d 132, 133 (9th Cir.1992).  Petitioner's conviction became
7 final on June 8, 2004, ten court days after the May 24, 2004 entry of judgment.  Fed. R. App.
8 4(b)(1)(A)(i); <u>see also</u> Fed. R. Civ. P. 6(a).  Thus, petitioner's conviction was final prior to the
9 January 12, 2005 publication of <u>Booker</u> and he is not entitled to relief based on <u>Booker</u>.

10   Accordingly, IT IS HEREBY RECOMMENDED that:

11   1. Petitioner's June 3, 2005 petition for a writ of audita querela be summarily
12 denied.

13   2. The Clerk of the Court be directed to terminate the companion civil case, CIV
14 S-05-1128 MCE PAN P.

15   These findings and recommendations are submitted to the United States District
16 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
17 days after being served with these findings and recommendations, any party may file written
18 objections with the court and serve a copy on all parties.  Such a document should be captioned
19 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
20 failure to file objections within the specified time may waive the right to appeal the District
21 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
22 DATED: March 20, 2006.

UNITED STATES MAGISTRATE JUDGE

1  /001;camp0553.den

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26