IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| | Respondent, | No. CR S-02-0553 MCE DAD P |
| vs. | | |
| MANUEL CAMPOS-MENDOZA, | | <u>ORDER AND</u> |
| | Petitioner. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| _____/ | | |

Petitioner is a federal prisoner who, on November 18, 2003, entered a plea of guilty to one count of being a deported alien found in the United States in violation of 18 U.S.C. § 1326. On May 4, 2004, he was sentenced to imprisonment of 77 months to be served concurrent to any sentence he was then serving. Two counts of illegal entry by an alien in violation of 18 U.S.C. § 1325 were dismissed. Judgment was entered on May 24, 2004, and the conviction became final on June 8, 2004. See Fed. R. App. P. 4(b)(1)(A)(i). Before the court is petitioner's "Ex Parte Application to Dismiss Outstanding Citations, Warrants, Information, Charges, Complaints and Fines or Detainer, Trespasses."

PROCEDURAL HISTORY IN OTHER DISTRICTS

In the caption of his ex parte application, petitioner identifies himself as defendant and "United States, Inc. I.N.S., I.C.E., Homeland Security, et al." as plaintiff. Petitioner alleges

1

that he is a federal prisoner serving a sentence of 77 months under a judgment imposed on May 4, 2004, by the United States District Court for "the District of Northern [sic] California." Petitioner captioned his application for filing in the "United States District Court for the District of California." The application bears various dates, the earliest of which is May 31, 2005, but the document includes a proof of service in which petitioner certifies that he placed his application in the mail on June 29, 2005. The proof of service reflects that petitioner mailed the document to the United States District Court for the Central District of California, where it was lodged on June 30, 2005, and filed on July 11, 2005.

By order filed August 3, 2005, the Central District court construed petitioner's ex parte application as a petition for writ of habeas corpus under 28 U.S.C. § 2241. The court directed the clerk to serve the petition on the United States Attorney and ordered respondents to file a response. In October 2005, respondents United States of America, Immigration and Naturalization Service, Immigration and Customs Enforcement, and Department of Homeland Security moved to dismiss the case, if construed as a § 2241 petition, for lack of subject matter jurisdiction because petitioner is not in the custody of Immigration and Customs Enforcement. Respondents moved in the alternative to dismiss or transfer the case, if construed as a § 2255 motion challenging petitioner's underlying conviction or sentence, because petitioner was not convicted in the Central District. Petitioner did not respond to the court's order requiring him to file and serve opposition or notice of non-opposition to respondents' motion.

On May 10, 2006, the Central District court determined that, if the application were construed as a habeas petition under 28 U.S.C. § 2241, the petition would be subject to dismissal for failure to meet the "in custody" requirement of that statute. The court found that it would also lack jurisdiction over the application if it were construed as a motion to vacate a conviction or sentence, because petitioner was not convicted in the Central District. Although the court had previously construed the application as a petition for writ of habeas corpus under 28 U.S.C. § 2241, without any objection from petitioner, the court found that "the majority of the

claims in petitioner's application concern his conviction and sentence" and "he challenges the jurisdiction of the court in which he was convicted, and asserts constitutional and statutory claims concerning 'priors' for which he was convicted and sentenced." (Order filed May 10, 2006, at 2-4.) In the absence of any indication in the record that petitioner had previously filed a motion pursuant to 28 U.S.C. § 2255, the Central District court concluded that it would be in the interests of justice to transfer petitioner's ex parte application to the United States District Court for the Northern District of California, based on petitioner's allegation that he was convicted in that district.

On May 17, 2006, petitioner's ex parte application was received in the United States District Court for the Northern District of California. The Northern District court determined that petitioner was convicted in the Eastern District of California. By order filed June 2, 2006, the matter was transferred to the United States District Court for the Eastern District of California. On June 7, 2006, the application was docketed in petitioner's criminal case as a motion to vacate under 28 U.S.C. § 2255. On June 19, 2006, the district judge referred the matter to a magistrate judge for action.

PROCEDURAL BACKGROUND IN THIS DISTRICT

At sentencing on May 4, 2004, petitioner was given his appeal rights and waived them. On June 3, 2005, the court received from petitioner a document titled "Writ of Error Audita Querela." The document is dated May 31, 2005, and includes a proof of service indicating that it was placed in the mail on May 31, 2005. The document, captioned for filing in the United States District Court "for the District of Northern California," includes a cover letter addressed to the Clerk.

In his cover letter, petitioner provides the following instructions:

> Enclosed for immediate filing please find a Petition for a Writ of Audita Querela. This is not a Motion under 28 U.S.C. § 2255.

/////

> Notice, please, on page 1, that jurisdiction is asserted under the "All Writ's [sic] Act" codified at 28 U.S.C. § 1651. As well, the court's original jurisdiction is invoked under 18 U.S.C. § 3231.
>
> Thus, this most certainly is a petition for a common law writ as I have already sought and been denied relief (by this court) under § 2255, hence, found it to be inadequate, ineffective, and inapplicable to my claims.

(Pet. for Writ filed June 3, 2005, at page electronically numbered 1 (emphasis in original).)

In the petition attached to the cover letter, petitioner explains at length his reasons for presenting his petition under 18 U.S.C. § 3231 and the All Writs Act rather than under 28 U.S.C. § 2255. (Id. at pages electronically numbered 2-8.) On the final page of the document, petitioner cautions the court against re-characterizing his petition as a § 2255 motion or as a second or successive § 2255 motion without giving him an opportunity to contest the re-characterization. (Id. at page electronically numbered 22.)

On June 8, 2005, the district judge referred the petition for a writ of audita querela to a magistrate judge for action. In findings and recommendations filed on March 20, 2006, Magistrate Judge John F. Moulds noted petitioner's insistence that his petition was not a motion under 28 U.S.C. § 2255. Judge Moulds observed that the outcome would be the same if the court were to construe the petition as a § 2255 motion and that petitioner's failure to file a direct appeal would likely bar any § 2255 motion petitioner might have brought. Judge Moulds recommended that the petition be summarily denied. (Findings & Recommendations filed Mar. 20, 2006, at 1 n.1, 3 & n.3, & 4.) Petitioner did not file objections to the findings and recommendations. On April 21, 2006, the district judge adopted the findings and recommendations in full and summarily dismissed the petition for writ of audita querela.

## DISCUSSION

The petition received in the Eastern District of California on June 3, 2005, and the ex parte application received in the Central District of California on June 30, 2005, bear dates reflecting that both were prepared in May 2005. While the petition was placed in the mail on

May 31, 2005, the ex parte application was placed in the mail on June 29, 2005. It is plain that the documents are contemporaneous.

The cover letter that accompanied the petition filed in the Eastern District shows that petitioner considered and rejected the use of a motion pursuant to 28 U.S.C. § 2255 as a vehicle for seeking relief. As stated in the letter, petitioner deemed § 2255 to be "inadequate, ineffective, and inapplicable" to his claims. Petitioner adamantly opposed the construction of his petition as a § 2255 motion. In the Central District, respondents attempted to determine whether the pro se application filed in that district was a § 2241 petition, as construed by the court, or a motion to vacate, set aside or correct his sentence pursuant to § 2255. When ordered to file opposition or a notice of non-opposition to respondents' motion to dismiss the ex parte application, petitioner failed to respond in any manner and, in particular, failed to clarify the nature of his filing. On this record, it does not appear that petitioner's ex parte application should be construed as a § 2255 motion.

If the ex parte application is construed as a motion to vacate, set aside, or correct petitioner's sentence pursuant to 28 U.S.C. § 2255, the motion is barred by the statute of limitations. Petitioner's judgment of conviction became final on June 8, 2004, by expiration of the time for filing a direct appeal. The 1-year period of limitation applicable to § 2255 motions began to run on June 9, 2004, and expired on June 8, 2005. Petitioner's ex parte application was placed in the mail on June 29, 2005, and was constructively filed on that date, 21 days too late. See 28 U.S.C. § 2255 ¶6(1).

Petitioner's ex parte application should be dismissed either as an untimely motion to vacate, set aside, or correct petitioner's sentence under § 2255 or as a § 2241 petition challenging immigration matters over which this court lacks jurisdiction because petitioner does not meet the "in custody" requirement.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall serve a copy of this order, together with a copy of the application transferred to this court and docketed

as a § 2255 motion on June 7, 2006, upon the United States Attorney for this district or his authorized representative; and

        IT IS RECOMMENDED that:

        1. Petitioner's Ex Parte Application to Dismiss Outstanding Citations, Warrants, Information, Charges, Complaints and Fines or Detainer, Trespasses be summarily dismissed without ordering the United States Attorney to file an answer, motion, or other response; and

        2. The Clerk of the Court be directed to close the companion civil case No. CIV S-06-1249 MCE.

        These findings and recommendations will be submitted to the United States District Judge pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  Failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 28, 2006.

        /s/ Dale A. Drozd
        DALE A. DROZD
        UNITED STATES MAGISTRATE JUDGE

DAD:13
camp0553.256